Filed 9/16/25  Domingo v. Prime Healthcare Paradise Valley CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

|  |  |
|---|---|
| ARIEL DOMINGO, | D085075 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 37-2019-00023576-CU-OE-CTL) |
| PRIME HEALTHCARE PARADISE VALLEY, LLC, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Richard Whitney, Judge.  Affirmed.

Seyfarth Shaw, Geoffrey C. Westbrook, Phillip J. Ebsworth and Justin T. Curley for Defendant and Appellant.

Sullivan & Yaeckel Law Group, Eric K. Yaeckel and Ryan T. Kuhn for Plaintiff and Respondent.

Prime Healthcare Paradise Valley, LLC (Prime) appeals from an order denying its motion to compel arbitration of Ariel Domingo's individual claim

under the Private Attorney General Act of 2004 (PAGA) (Lab. Code,[1] § 2698 et seq.).  Following our own decision in *Rodriguez v. Packers Sanitation Services Ltd., LLC* (2025) 109 Cal.App.5th 69 (*Rodriguez*), review granted May 14, 2025, S290182, we affirm the order on the ground that Domingo is not asserting any individual PAGA claim in this case, and thus the trial court could not have committed any error by failing to compel arbitration of such a claim.

FACTUAL AND PROCEDURAL BACKROUND

Prime owns and operates Paradise Valley Hospital.  Domingo was employed as a cook for Prime for 15 years until he was terminated in January 2019.

In May 2019, Domingo filed a complaint against Prime.  In the operative second amended complaint, Domingo sought to recover civil penalties under PAGA for alleged Labor Code violations committed against him and all other aggrieved employees.  The complaint alleged that Domingo and all other aggrieved employees had been denied payment for missed or late meal and rest periods, minimum wages, overtime, reimbursement of business expenses, and wages upon separation.

The caption of the complaint and signature line did not state the Domingo was suing individually.  They both stated that Domingo was suing "in a Representative capacity <u>only</u>, and on behalf of other members of the general public similarly situated."  The body of the complaint alleged that "Plaintiff brings this action in a representative capacity on behalf of all current and former aggrieved employees of Defendants."  The caption of each of the six PAGA causes of action stated that it was asserted as a

---

[1]    Further statutory references are to the Labor Code unless otherwise noted.

2

"Representative Action." Each cause of action alleged that Domingo was seeking "civil penalties recoverable by Plaintiff on behalf of all aggrieved employees." The prayer for relief also sought "on behalf of all aggrieved employees" an "award of statutory civil penalties" under PAGA.

After a three-day bench trial in August 2021, the trial court granted Prime's motion for judgment under Code of Civil Procedure section 631.8. Domingo appealed from the resulting defense judgment. In a prior appeal, we reversed the judgment solely as to Prime's time rounding policy and otherwise affirmed. (*Domingo v. Prime Healthcare Paradise Valley, LLC* (Oct. 6, 2023, D079848) [nonpub. opn.].)

On remand, Prime filed a motion to compel arbitration of Domingo's "individual PAGA claim" under *Viking River Cruises, Inc. v. Moriana* (2022) 596 U.S. 639 (*Viking River*), which was decided while the prior appeal was pending. Prime did not seek to compel arbitration of Domingo's non-individual PAGA claims.

Prime relied on an Arbitration Agreement (Agreement) the parties had signed in November 2018, two months before Domingo's termination. The Agreement stated that the parties agreed to arbitrate "any and all disputes, claims or controversies" arising out of their employment relationship, including claims for "wages or other compensation," "penalties," and violations of the California Labor Code.

The Agreement included a provision entitled, "Arbitration of Individual Claims Only." It stated in relevant part that "all Claims covered by this Agreement must be submitted on an individual basis," "[n]o claims may be arbitrated on a class, collective or representative basis," and "[t]he Parties expressly waive any right with respect to any covered Claims to submit, initiate, or participate in a representative capacity, or as a plaintiff, claimant

3

or member in a class action, collective action or other representative or joint action, regardless of whether the action is filed in arbitration, with an administrative agency, or in court."

The Agreement also included a provision entitled, "No Representative Action Claims." This provision stated in all capital letters: "THE PARTIES FURTHER AGREE THAT NEITHER PARTY MAY BRING, PURSUE, OR ACT AS A PLAINTIFF OR REPRESENTATIVE IN ANY PURPORTED REPRESENTATIVE PROCEEDING OR ACTION, INCLUDING ANY CLAIMS UNDER THE CALIFORNIA PRIVATE ATTORNEYS GENERAL ACT, OR OTHERWISE PARTICIPATE IN ANY SUCH REPRESENTATIVE PROCEEDING OR ACTION OTHER THAN ON AN INDIVIDUAL BASIS."

Domingo opposed the motion to compel arbitration on the following grounds: (1) he was not asserting any individual PAGA claim subject to arbitration and was instead suing in a "representative capacity only" as permitted under the holding of *Balderas v. Fresh Start Harvesting, Inc.* (2024) 101 Cal.App.5th 533 (*Balderas*); (2) Prime waived its right to compel arbitration; and (3) the Agreement was unconscionable because it was a contract of adhesion and its prohibition against participating in a representative proceeding was substantively unconscionable.

At the hearing on the motion, counsel for Domingo confirmed that he had chosen "not to assert his individual PAGA claims" and was "not seeking penalties in his individual right." Accordingly, counsel argued that "there is no individual claim at issue to be compelled to arbitration."

The trial court denied Prime's motion to compel arbitration in a written order. The court's order stated in relevant part: "*Viking River* did not hold that an individual cannot forgo bringing an individual PAGA claim and proceed solely as a representative in a PAGA action. . . . [¶] Plaintiff's action

4

is a representative only PAGA action. '[A]n employee who does not bring an individual claim against her employer may nevertheless bring a PAGA action for herself and other employees of the company.' (*Balderas v. Fresh Start Harvesting, Inc.* (2024) 101 Cal.App.5th 533, 536.) [¶] Plaintiff was permitted to bring a representative PAGA action without asserting individual claims which would be subject to arbitration. . . . To the extent Plaintiff's operative complaint may be interpreted as also including individual claims, Plaintiff has made clear Plaintiff is only pursuing a representative PAGA action. Plaintiff will now be judicially estopped from asserting otherwise."

## DISCUSSION

Prime argues that the trial court erred in denying its motion to compel arbitration of Domingo's individual claim for two reasons: (1) every PAGA claim necessarily includes an "individual" component that may be compelled to arbitration; and (2) even if not every PAGA claim includes an individual component, Domingo's operative complaint expressly asserted such an individual component that was subject to arbitration. Because the material facts are undisputed, our review is de novo. (*Fuentes v. TMCSF, Inc.* (2018) 26 Cal.App.5th 541, 547.)

Under PAGA, an aggrieved employee, acting as a proxy or agent for the state Labor and Workforce Development Agency (LWDA), may bring a civil action on behalf of themselves and other current and former employees to recover civil penalties from their employer for Labor Code violations. (§ 2699, subd. (a); *Adolph v. Uber Technologies, Inc.* (2023) 14 Cal.5th 1104, 1113 (*Adolph*).) A PAGA claim for civil penalties is fundamentally a law enforcement action. (*Adolph*, at p. 1117.) The government entity on whose behalf the plaintiff files suit is the real party in interest. (*Ibid*.) Under current law, civil penalties recovered in a PAGA action must be distributed

5

65 percent to the LWDA and 35 percent to the aggrieved employees. (§ 2699, subd. (m).)

Courts distinguish between "individual" and "non-individual" PAGA claims. (*Adolph, supra*, 14 Cal.5th at p. 1114; *Viking River, supra*, 596 U.S. at p. 648.) An "individual" PAGA claim is one premised on alleged Labor Code violations personally sustained by the PAGA plaintiff. A "non-individual" PAGA claim is one premised on alleged Labor Code violations sustained by other employees. (*Adolph*, at pp. 1114, 1117–1118.)

When the Federal Arbitration Act (FAA) applies (as it does here), it compels enforcement of an agreement to arbitrate a plaintiff's individual PAGA claim. (*Viking River, supra*, 596 U.S. at pp. 659–662.) However, *Viking River* left intact the portion of *Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348 holding that a waiver of the right to bring non-individual PAGA claims violates public policy. (*Adolph, supra*, 14 Cal.5th at pp. 1117–1118.) And under our Supreme Court's subsequent holding of *Adolph*, "where a plaintiff has filed a PAGA action comprised of individual and non-individual claims, an order compelling arbitration of individual claims does not strip the plaintiff of standing to litigate non-individual claims in court." (*Id.* at p. 1123.)

There are only two standing requirements for a PAGA plaintiff to assert non-individual PAGA claims: (1) the plaintiff was employed by the alleged violator; and (2) the plaintiff was someone against whom one or more of the alleged violations was committed. (*Adolph, supra*, 14 Cal.5th at p. 1120.) " '[I]t is not the promise of economic recovery—in court or elsewhere—that gives an aggrieved employee standing to pursue PAGA claims based on violations committed against other workers.' " (*Id.* at p. 1126.) " '[I]t is plaintiff's status as an aggrieved employee, not the

6

redressability of any injury the plaintiff may have suffered, that determines the availability of PAGA standing.' " (*Ibid.*)

The question before us here is whether Domingo has asserted any individual PAGA claim that must be compelled to arbitration under *Viking River*. We recently decided a similar issue in *Rodriguez, supra*, 109 Cal.App.5th 69, review granted. In *Rodriguez*, we considered "whether we should accept [the PAGA plaintiff] Parra's representation that he has foregone individual PAGA relief and there is no individual PAGA claim in his complaint that can be compelled to arbitration." (*Id*. at p. 76.) Although we described Parra's complaint as "not a model of clarity," we concluded for several reasons that Parra was "not seeking individual PAGA relief." (*Ibid.*)

First, although Parra's complaint alleged that he was an aggrieved employee who was denied wages mandated by the Labor Code, "under *Adolph* he [was] required to allege that he [was] an aggrieved employee in order to meet the standing requirements for PAGA nonindividual claims." (*Rodriguez, supra*, 109 Cal.App.5th at pp. 76–77.) As we explained, these required standing allegations did "not persuade us that Parra has brought an individual PAGA claim." (*Id*. at p. 77.)

Second, "other aspects of the complaint [were] consistent with Parra's position that he [had] not asserted an individual PAGA claim" and that the complaint had "been drafted with the goal of carving out the claims' individual components." (*Rodriguez, supra*, 109 Cal.App.5th at p. 77.) As we explained: "The words 'individual' and 'individually' have been omitted from the complaint's caption so that the resulting text states, somewhat awkwardly, 'JOSE A. PARRA RODRIGUEZ, in a Representative Capacity <u>only</u> and on behalf of other members of the public similarly situated.' Within the body of the complaint, Parra does not explicitly seek PAGA civil penalties

for the alleged wage and hour violations he personally suffered.  Instead, in each of his causes of action he alleges that he seeks an award of statutory civil penalties 'for each underpaid employee . . . .' " (*Ibid.*, emphasis added.)

Finally, "to the extent the complaint could have excised the individual component of Parra's PAGA claims with greater clarity," we were "not concerned Parra will attempt to rely on it in the future to obtain civil penalties based on violations he personally sustained." (*Rodriguez, supra*, 109 Cal.App.5th at p. 77.)  "Parra has represented to this court that in his complaint he has foregone individual PAGA relief, and we have accepted that representation.  As a result, he will be precluded from taking a contrary position in the future [under the doctrine of judicial estoppel].  [Citation.]  In addition, our conclusion that the complaint does not assert individual PAGA claims will be law of the case." (*Ibid.*)

All the same is true here as well.  Domingo's complaint—filed by the same law firm that represented the plaintiff in *Rodriguez*—is materially the same as the *Rodriguez* complaint.  It makes similar standing allegations to plead that Domingo is an aggrieved employee; it has an identically worded caption and signature line omitting the words "individual" and "individually" and stating that Domingo is bringing the action "in a Representative Capacity <u>only</u>"; it does not explicitly seek PAGA civil penalties for alleged Labor Code violations Domingo personally suffered; and it instead seeks "civil penalties" recoverable under PAGA "on behalf of all aggrieved employees."  Moreover, to the extent the complaint itself may be ambiguous, Domingo has represented that he is not asserting any individual PAGA claim or seeking any individual relief, and both the trial court and this court have accepted and relied on those representations, precluding him from asserting any individual PAGA claim in the future.  As in *Rodriguez*, therefore, we conclude

8

"that [Domingo] is not asserting individual PAGA claims in this case, and the trial court therefore could not have erred by failing to compel such claims to arbitration." (*Rodriguez, supra*, 109 Cal.App.5th at p. 75.)

Relying on the holding of *Leeper v. Shipt, Inc.* (2024) 107 Cal.App.5th 1001 (*Leeper*), review granted April 16, 2025, S289305, Prime insists that Domingo's complaint necessarily includes an individual claim because every PAGA claim has an individual component as a matter of law. We reject this argument for the same reasons we rejected it in *Rodriguez*: "In essence, *Leeper* decided that (1) under Labor Code section 2699, subdivision (a), an individual PAGA claim is a necessary component of a PAGA action; *therefore*, (2) all PAGA actions, including the complaint under consideration, included an individual PAGA claim. But the second conclusion does not follow from the first. In other words, even if we were to agree with *Leeper*'s interpretation of Labor Code section 2699, subdivision (a)—a question we reserve for another day—just because a PAGA action *must* include an individual PAGA claim does not mean any particular complaint brought under the auspices of PAGA *does* contain one. It means that a PAGA complaint *should* contain an individual PAGA claim, not that it *does*. Plaintiffs commonly file complaints that do not conform to statutory requirements." (*Rodriguez, supra*, 109 Cal.App.5th at p. 79.)

As in *Rodriguez*, "this is an appeal from an order resolving a motion to compel arbitration, not a motion challenging the sufficiency of the complaint." (*Rodriguez, supra*, 109 Cal.App.5th at p. 81.) Prime is only seeking to compel arbitration of Domingo's individual PAGA claim. Thus, "[t]he relevant question for our purposes is whether [Domingo]'s complaint does assert an individual PAGA claim, not whether it *should* include such a claim." (*Ibid*.) Because we have concluded Domingo has not asserted an individual PAGA

9

claim, the trial court could not have committed any error by refusing to compel arbitration of his individual PAGA claim.

"As a result, the parties' dispute over the propriety of bringing a PAGA action that asserts only non-individual PAGA claims is not ripe for our consideration." (*Rodriguez, supra*, 109 Cal.App.5th at p. 81.)  Although the trial court ruled that such a PAGA action may be brought under *Balderas*, we need not decide the issue to resolve the arbitration question before us.  We merely conclude that Domingo has not asserted an individual PAGA claim. Accordingly, we do not decide whether *Leeper* correctly rejected *Balderas* in ruling that an individual PAGA claim is a necessary component of every PAGA action.  (See *id.* at p. 81, fn. 5 [disagreeing with aspects of *Leeper*'s reasoning on this point]; *CRST Expedited, Inc. v. Superior Court* (July 7, 2025) 112 Cal.App.5th 872 [disagreeing with *Leeper* and holding that "headless" PAGA actions asserting non-individual claims only are permitted at least for cases brought under pre-2024 version of PAGA].)

DISPOSITION

The order is affirmed.  Respondent is entitled to recover his costs on appeal.

BUCHANAN, J.

WE CONCUR:

McCONNELL, P. J.

DO, J.

10